UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN W. THOMAS, | No. 2:16-cv-2541-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| KAISER SACRAMENTO, et al., | |
| Defendants. | |

On October 25, 2016, plaintiff, who proceeds without counsel, filed a complaint in this court ostensibly naming Kaiser Sacramento and its physician in charge, Dr. Robert Azevedo, as defendants. (ECF No. 1 at 1-2.) Plaintiff paid the filing fee.[1]

According to the complaint, and various exhibits attached to the complaint, plaintiff, who was enrolled in a Medicare Advantage Plan offered by Kaiser, requested authorization to have eye surgery performed by an out-of-network provider to treat an invasive melanoma. Plaintiff essentially claims that the surgery proposed by the out-of-network provider was significantly less invasive and more medically appropriate. Nevertheless, Kaiser denied plaintiff's request.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

1  Plaintiff ultimately proceeded with the surgery performed by the out-of-network provider, for
2  which plaintiff incurred about $50,000.00 in costs.  According to plaintiff, Kaiser has refused to
3  reimburse him for the costs of that surgery.

4  Following a hearing, an administrative law judge with the Office of Medicare Hearings
5  and Appeals determined, on August 7, 2015, that the plan had properly denied plaintiff's pre-
6  authorization request and that the plan was not obligated to reimburse plaintiff for the costs of the
7  surgery.  Thereafter, on October 4, 2016, the Medicare Appeals Council affirmed the ALJ's
8  decision.  The Medicare Appeals Council's decision was accompanied by a cover letter, which
9  notified plaintiff of his right to seek judicial review by filing a complaint in the appropriate
10 United States District Court within 60 days of receipt of the letter.  The letter also specifically
11 instructed plaintiff as follows:

> If a civil action is commenced, the complaint should name the Secretary of Health and Human Services as the defendant and should include the Council's docket number and ALJ appeal number shown at the top of this notice.  42 C.F.R. § 405.1136(d).  The Secretary must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201.  In addition, you must serve the United States Attorney for the district in which you file your complaint and the Attorney General of the United States.  *See* rules 4(c) and (i) of the Federal Rules of Civil Procedure and 45 C.F.R. § 4.1.  You must also notify the other party of your appeal pursuant to section 1852(g)(5) of the Social Security Act.

20 (ECF No. 1 at 27.)

21 Upon the filing of the complaint, the Clerk of Court issued plaintiff with a summons for
22 defendants Kaiser Sacramento and Dr. Robert Azevedo.  (ECF No. 2.)  A proof of service
23 subsequently filed on November 3, 2016, indicates that plaintiff himself attempted service by
24 leaving the process documents at defendant's Azevedo's office as well as with a legal assistant at
25 Kaiser's legal office.  (ECF No. 6.)

26 A status conference in the case was set for March 23, 2017.  (ECF No. 7.)  On March 8,
27 2017, plaintiff timely filed a status report, but no status report was filed by any of the named
28 defendants, who had not appeared in the action.  (ECF No. 8.)  However, at the March 23, 2017

status conference, plaintiff appeared representing himself, and attorney Thomas Freeman specially appeared on behalf of Kaiser. (ECF No. 10.)

In the course of the status conference, the court raised the issue of improperly named defendants. Plaintiff represented that it was his understanding that he had named the Secretary of Health and Human Services as a defendant. He referred the court to a October 22, 2016 letter to the Secretary of Health and Human Services, which was attached as one of several exhibits to the complaint, and which outlined his grievances with respect to the coverage decisions. (See ECF No. 1 at 9-15.) However, plaintiff's actual complaint only appears to name Kaiser Sacramento and Dr. Robert Azevedo as defendants. On the caption of the form complaint, where plaintiff was instructed to write the full name of each defendant who was being sued, plaintiff wrote "Kaiser-Sacramento." (ECF No. 1 at 1.) In the body of the form complaint, where plaintiff was instructed to list each defendant, plaintiff listed only "Robert Azevedo, M.D." (ECF No. 1 at 2.) Furthermore, the proof of service filed with the court on November 3, 2016, only documented attempted service on Kaiser Sacramento and Dr. Azevedo. (ECF No. 6.)[2]

At the conference, plaintiff clarified that he only intends to proceed against the Secretary of Health and Human Services, and agreed to voluntarily dismiss defendants Kaiser Sacramento and Dr. Robert Azevedo.[3] Therefore, the court dismisses those defendants and plaintiff's original complaint, but with leave to file an amended complaint. Any first amended complaint shall be filed within 21 days and shall only name as a defendant the Secretary of Health and Human Services in his or her official capacity. The first amended complaint shall also attach a copy of the Medicare Appeals Council's October 4, 2016 decision and cover letter.

---

[2] As the court noted at the status conference, service of process on the named defendants was improper, because, at a minimum, plaintiff himself served the process documents. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint.").

[3] Plaintiff acknowledged that, although he clearly takes issue with the actions and decisions of Kaiser, he recognizes that the proper defendant for purposes of seeking judicial review of the administrative decision below would be the Secretary of Health and Human Services. See 42 C.F.R. § 405.1136(d)(1) (providing that in a civil action seeking judicial review of a final decision of the Medicare Appeals Council, "the Secretary of HHS, in his or her official capacity, is the proper defendant.").

1	Once the first amended complaint has been filed, and a new summons issued, plaintiff
2	shall properly serve the Secretary of Health and Human Services with the first amended
3	complaint not later than 21 days after filing of the first amended complaint.  Service must be
4	accomplished as outlined in the Medicare Appeals Council's October 4, 2016 cover letter.  See
5	also Fed. R. Civ. P. 4(c) (outlining, *inter alia*, who may serve process); Fed. R. Civ. P. 4(i)(1)-(2)
6	(outlining the specific methods for serving the General Counsel of the Department of Health and
7	Human Services; the Attorney General of the United States at Washington D.C.; and the United
8	States Attorney for the Eastern District of California).  Once service has been completed and the
9	Secretary appears, the court will set a further status conference, as appropriate.

10	The court emphasizes that in granting leave to file a first amended complaint, the court
11	makes no determination with respect to the timeliness of filing and serving an action against the
12	Secretary of Health and Human Services.  Any such issues may be raised by the Secretary by
13	motion, if appropriate.

14	Finally, the court notes that it is cognizant of, and sympathetic to, the difficulties faced by
15	a *pro se* litigant in representing himself and navigating the procedural complexities in federal
16	court.  As such, the court grants plaintiff an opportunity to amend his complaint and provides
17	some basic instruction in this order.  Nevertheless, the court is unable to provide plaintiff with
18	legal advice, and *pro se* litigants are ultimately required to comply with the Federal Rules of Civil
19	Procedure, the court's Local Rules, and the court's orders like all other litigants.[4]

20	Accordingly, IT IS HEREBY ORDERED that:

21	1.  Consistent with plaintiff's request for voluntary dismissal at the status conference,
22	    defendants Kaiser Sacramento and Dr. Robert Azevedo are DISMISSED from the
23	    action.
24	2.  Plaintiff's original complaint (ECF No. 1) is DISMISSED WITH LEAVE TO
25	    AMEND.
26	3.  Any first amended complaint shall be filed within 21 days; shall only name as a

---

[4] A copy of the court's Local Rules is available on the court's website or from the Clerk's Office on the fourth floor.

  defendant the Secretary of Health and Human Services in her official capacity; and shall attach a copy of the Medicare Appeals Council's October 4, 2016 decision and cover letter.

4. Plaintiff shall properly serve the first amended complaint within 21 days of its filing.
5. Once the Secretary appears, the court will set a further status conference, as appropriate.

IT IS SO ORDERED.

Dated: March 24, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE